UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JESUS RIVERO,

        Plaintiff,

vs.

HARBOR FREIGHT TOOLS USA, INC.,

        Defendant.
_____/

**NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW**

    Defendant, HARBOR FREIGHT TOOLS USA, INC., ("Harbor Freight"), by and through undersigned counsel, and pursuant to 28 U.S.C. § 1332, 1441, and 1446, hereby files this Notice of Removal of the above-captioned case from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division, and respectfully shows the Court the following:

### I.    BACKGROUND

    1.    On February 21, 2022, Plaintiff Jesus Rivero filed this suit against Harbor Freight in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, bearing case number 2022-001198-CA-01. The suit alleges product liability and negligence claims against Harbor Freight. A complete copy of the Complaint is attached as Exhibit "A".

    2.    According to the Complaint, Jesus Rivero was using a 6" Warrior Grinding Wheel that malfunctioned and sliced Plaintiff's right thumb to the bone. (Ex. A, ¶ 10).

3. Plaintiff is claiming damages for bodily injuries to his right hand, in addition to economic and non-economic damages which are discussed in further detail below. *See* #2 Plaintiff's Answers to Interrogatories, attached as Exhibit "B".

4. Plaintiff is seeking reimbursement for past medical expenses equaling or exceeding $42,264.45, future medical expenses for which he did not provide an exact amount, approximately $26,000 in lost wages, an undetermined amount of future lost wages, the value of past and future pain and suffering, prejudgment and post judgment interest, and costs. *See* Ex. B, #3-5.

5. Venue is proper in this Court under 28 U.S.C. §1441 because this district and division embraces the place in which the removed action was pending.

## STANDARD FOR REMOVAL

6. Pursuant to 28 U.S.C. § 1441(a), a civil action brought in state court may be removed to district court if the district court has original jurisdiction. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between – (1) citizens of different states."

7. "[T]he burden is on the party seeking removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2007). Where the plaintiff has not pled a specific amount of damages to satisfy diversity jurisdiction, the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied. *Id.*

8. The Court may consider the entire record, not merely the Complaint, in determining whether the requirements for removal are satisfied. *See Woolard v. Heyer-Schulte*, 791 F. Supp.

294, 296 (S.D. Fla. 1992).

9. "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard; instead, [d]efendants may introduce their own affidavits, declarations, or other documentation" to support the jurisdictional requirement. *Gillinov v. Hillstone Rest. Grp., Inc.*, 92 F. Supp. 3d 1251, 1253-54 (S.D. Fla. 2015) (defendant satisfied amount in controversy requirement where pre-suit demand letter presented as evidence was "exceptionally detailed" and "outlined with specificity" $124,217.15 in damages, and plaintiff admitted post-removal that she and her counsel believed value of case exceeded $75,000) (internal quotation marks omitted).

10. In this case, Plaintiff's Complaint, his discovery responses, and his medical records establish that this Court has jurisdiction.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

11. One of two requirements that must be met for this Court to exercise diversity jurisdiction is that there must be complete diversity between the Plaintiff and the Defendant(s). *See* 28 U.S.C. § 1332(a).  Complete diversity exists here.

12. Plaintiff is a resident and citizen of the State of Florida. *See* Ex. A, ¶ 2.

13. Defendant, Harbor Freight, is a foreign for-profit business that is incorporated in the State of Delaware with its principal place of business in California. *See* Ex. A., ¶ 3.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14. Plaintiff brought a personal injury action seeking monetary damages. Plaintiff did not plead a specific amount of damages in his Complaint, but did state that the damages are "in excess of $30,000, exclusive of fees, costs and interest."

15. Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

16. However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

17. Defendants may submit a wide range of evidence to satisfy the jurisdictional requirements of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

18. A district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010). Here, the amount in controversy was not apparent from Plaintiff's Complaint. Therefore, Harbor Freight sent two requests for admission to Plaintiff asking him to admit or deny that the total amount of damages he was seeking to recover in this case was either (1) in excess of $75,000 or (2) less than or equal to the sum of $75,000. Instead of answering the requests, Plaintiff responded with an ambiguous statement: "Cannot admit or deny for want to knowledge." *See* Plaintiff's Responses to Requests for Admissions, attached as Exhibit "C".

19. However, Harbor Freight also served interrogatories and requests for production to Plaintiff for the limited purpose of determining the amount in controversy. Plaintiff produced medical records which show that Plaintiff's incident was serious enough that he immediately presented to the emergency department, where his hand was x-rayed and he was administered strong pain medication.

20. Plaintiff underwent two surgeries and physical therapy after the incident.

21. Furthermore, Plaintiff's interrogatory responses indicate that he is claiming permanent injury to the thumb on his "right hand causing damage to my bone and tendon." He further indicates that he experiences "severe pain" in the affected area. *See* Ex. B., ¶ 2.

22. Plaintiff produced photographs of his injuries which show a thumb wound, purportedly to his dominant hand. (*See* Photographs of Plaintiff, attached as Exhibit "D").

23. In *Henderson*, the Southern District of Florida found that the amount in controversy requirement was met where Plaintiff alleged that she suffered $57,328 in past medical bills, $9,000 in lost wages, unknown future wages, plus unspecified pain and suffering damages, because "the plaintiff's claims could conceivably amount to more than $75,000." *See Henderson v. Dollar General Corp.*, 2009 WL 959560, at *1-2 (S.D. Fla. 2009). The court stated:

> The defendant need only make up a difference of less than $10,000 in controversy to keep this case in federal court. Although the evidence before the court is not impregnable, "a fair and impartial mind" would clearly find that years of pain in addition to the other elements of damage that the plaintiffs claim add up to a dispute of at least that amount. *But see id.* at 1220–21 (refusing to assume an average recovery of $12,500 for each of roughly 400 plaintiffs to meet jurisdictional minimum on timely motion to remand an environmental "mass action" pursuant to 28 U.S.C. § 1332(d)). The court finds that there is a sufficient amount in controversy and, consequently, that it has original subject matter jurisdiction over this diversity case.

*Henderson* at *4.

24. Here, Plaintiff's economic damages alone total to over $68,000. Plaintiff is claiming $42,264.45 for past medical expenses and has asserted a claim for approximately $26,000 in past lost wages.

25. Like in *Henderson*, the amount of Plaintiff's claim could conceivably amount to more than $75,000 because the nature of Plaintiff's injuries, hospital stay, surgery, and future lost wages will likely cause Plaintiff to seek in excess of $6,736 for noneconomic damages, which would exceed the jurisdictional limit.

26. Based on the foregoing, the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs.

## THE NOTICE OF REMOVAL IS TIMELY

27. This Notice of Removal is being timely filed within thirty (30) days of the receipt of the paper from which it was first ascertainable that the case is one which is or has become removable pursuant to Title 28 U.S.C. § 1446(b) which provides, in pertinent part:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446 (b).

28. Here, the case stated by the initial pleading was not removable because the Complaint only alleged damages in excess of $30,000, which is the minimum jurisdictional amount for the circuit court where the case was pending. However, the case is removable because of the Plaintiff's answers to interrogatories and request for production which establishes that the amount in controversy exceeds $75,000.

29. The removal is timely because Plaintiff responded to Harbor Freight's interrogatories and request for production on May 20, 2022.

30. Therefore, this Notice of Removal is timely because it is filed within 30 days after receipt of Plaintiff's answers to interrogatories and request for production, which constitute "other papers" that make the case removable.

## **ALL OF THE ELEMENTS FOR REMOVAL ARE SATISFIED**

31. Because Plaintiff is a citizen of the State of Florida and Harbor Freight is a citizen of a foreign state and because the amount in controversy is in excess of $75,000, exclusive of interest, this action is removable to this Court pursuant to 28 U.S.C. §1441.

32. Pursuant to 28 U.S.C. §1446(b), a copy of the state court pleadings and all filings are being provided in accordance with the Local Rules and Administrative Procedures for Electronic Filing of the Southern District of Florida.

33. A copy of the notice was promptly filed with the Clerk of Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and served on all interested parties.

Dated: June 3, 2022

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was electronically filed on this 15th day of June, 2022, with the Clerk of the Court using the Florida e-Portal system, which will send a notice of electronic filing to: **Jonathan I. Rotstein, Esq.**, Law Office of Rotstein & Shiffman, LLP, *Attorneys for Plaintiff,* 309 Oakridge Blvd., Suite B, Daytona Beach, FL 32118; L.bonner@rotstein-shiffman.com; M.otto@rotstein-shiffman.com; T.dallarosa@rotstein-shiffman.com.

        **CLYDE & CO US LLP**
Attorneys for Defendant
1221 Brickell Avenue, Suite 1600
Miami, FL  33131
Tel: (305) 446-2646
Fax: (305) 441-2374

By:*/s/Nanci R. Schanerman*
    **DOUGLAS E. HORELICK**
    Fla. Bar No. 145335
    E-mail: doug.horelick@clydeco.us
    christine.upshaw-frazier@clydeco.us
    **NANCI R. SCHANERMAN**
    Fla. Bar No. 093299
    E-mail: nanci.schanerman@clydeco.us
    kathi.burnham@clydeco.us
    **MELANIE G. NG**
    Florida Bar No. 1031439
    E-mail: melanie.ng@clydeco.us
    lucy.moreno@clydeco.us
    eservice@clydeco.us