# EXHIBIT A



**CORPORATE CREATIONS**®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Harbor Freight Tools USA, Inc.                                                    03/11/2022
Tammy Stafford Associate General Counsel
Harbor Freight Tools USA Inc
26677 Agoura Road
Calabasas CA 91302

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2022-211

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:** | Harbor Freight Tools USA, Inc. |
|---|---|---|
| 2. | **Title of Action:** | Jesus Rivero vs. Harbor Freight Tools USA, Inc. |
| 3. | **Document(s) Served:** | Alias Summons<br>Plaintiff's Original Complaint |
| 4. | **Court/Agency:** | Miami-Dade County Eleventh Judicial Circuit Court |
| 5. | **State Served:** | Florida |
| 6. | **Case Number:** | 2022-001198-CA-01 |
| 7. | **Case Type:** | Strict Liability - Manufacturing Defect |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Friday 03/11/2022 |
| 10. | **Date to Client:** | Friday 03/11/2022 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 20<br>Thursday 03/31/2022 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Jonathan I. Rotstein, Esq.<br>Daytona Beach, FL<br>(386) 252-5560 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 101 |
| 16. | **Notes:** | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

Filing # 144311788 E-Filed 02/21/2022 04:25:26 PM

IN THE CIRCUIT COURT, ELEVENTH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2022-001198-CA-01

JESUS RIVERO,

     Plaintiff,

v.

HARBOR FREIGHT TOOLS USA, INC.

     Defendant.

_____/

SERVED _____ 1135h ____ M On 3/14/20__
OFFICE OF THE SHERIFF, PALM BEACH COUNTY, FL

DEPUTY SHERIFF _____ I.D. NO.

## ALIAS SUMMONS

STATE OF FLORIDA
To the Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

**HARBOR FREIGHT TOOLS USA, INC.**
**C/O CORPORATE CREATIONS NETWORK INC.**
**801 US HIGHWAY 1**
**NORTH PALM BEACH, FL 33408**

Each defendant is required to serve written defenses to the Complaint or Petition
on Jonathan I. Rotstein, Esquire, 309 Oakridge Blvd., Ste. B, Daytona Beach, FL
32118, the attorney for the Plaintiff, within 20 days after service of this summons
on that defendant, exclusive of the date of serve and to file the original of the
defenses with the clerk of the court either before service on Plaintiff's attorney or
immediately thereafter.  If a defendant fails to do so, a default will be entered
against that defendant for the relief demanded in the complaint or petition.

DATED this ___ day of ___2/28/2022___, 20___.

CLERK OF THE COURT

BY: _____
    As Deputy Clerk

**IMPORTANTE**

Usted ha sido demandada legalmente, Tiene veinte (20) dias, contados a partir del recidbo de esta notificacion, para contestar la demanda adjunto, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, includyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatament. Si no conoce a un abogoado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica. Si desca reponder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante al tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate O Abogoado del Demanadante).

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a apartir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est infuffisant pour vous proteger; vous estes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees isi, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal. Il y a d'autres obligations juridiques et vous pouvez reqerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

Filing # 142380396 E-Filed 01/21/2022 08:01:53 AM

IN THE CIRCUIT COURT, FIFTH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

JESUS RIVERO,

     Plaintiff,

v.

HARBOR FREIGHT TOOLS USA, INC.

     Defendant.

_____/

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, the Plaintiff, JESUS RIVERO, by and through the undersigned attorney, Jonathan Rotstein, Esquire, and hereby sues Defendant HARBOR FREIGHT TOOLS USA, INC. and in support thereof states and alleges as follows:

### FACTS

1.    This is an action for damages in excess of the sum of Thirty Thousand Dollars ($30,000.00.), exclusive of costs, interest and attorney's fees.

2.    That the Plaintiff, JESUS RIVERO, resides in Miami, Miami-Dade County, Florida and is over the age of eighteen (18).

3.    That at all times material hereto, Defendant, HARBOR FREIGHT TOOLS USA, INC. was a foreign for-profit corporation that conducts business in Miami, Miami-Dade County, Florida.

4.     That prior to June 18, 2019, Defendant, HARBOR FREIGHT TOOLS USA, INC.
sold, distributed and placed into the stream of commerce a six-inch Warrior Grinding Wheel and
said product expressly indicated or understood to be safe for consumers to use.

5.     That on or about June 18, 2019, the Plaintiff, JESUS RIVERO, was injured after
using the six-inch Warrior Grinding Wheel in the manner for which it was intended while working
at his home located at 1330 NE 33rd Street Miami, Miami-Dade County, Florida.

6.     This Honorable Court has jurisdiction over this lawsuit in that the accident which is
the basis of this lawsuit occurred in Miami-Dade County, Florida and that this action for money
damages for the Plaintiffs, JESUS RIVERO exceeds Thirty Thousand Dollars ($30,000.00) against
Defendant HARBOR FREIGHT TOOLS USA, INC.

**COUNT ONE**
**STRICT LIABILITY - MANUFACTURING DEFECT**
**AGAINST DEFENDANT HARBOR FREIGHT TOOLS USA, INC.**

7.     That Plaintiff, JESUS RIVERO is entitled to relief against Defendant, HARBOR
FREIGHT TOOLS USA, INC. based upon the following facts:

(a)     Plaintiff realleges by reference each and every allegation contained
paragraphs 1 through 6 as though fully set forth herein.

8.     Defendant HARBOR FREIGHT TOOLS USA, INC. manufactured, inspected,
distributed and sold the subject six-inch Warrior Grinding Wheel.

9.     At all times relevant hereto, the subject six-inch Warrior Grinding Wheel was
substantially unchanged from its condition when it was manufactured and sold by HARBOR
FREIGHT TOOLS USA, INC.

10.     On or about June 18, 2019, the Plaintiff, JESUS RIVERO, was using the six-inch
Warrior Grinding Wheel to cut copper when the wheel heated up and broke apart, flying off of the

2

saw and cutting Plaintiff's right thumb down to the bone, resulting in serious and permanent injury to Plaintiff.

11.     Plaintiff sought treatment for his severely cut right thumb.

12.     Defendant HARBOR FREIGHT TOOLS USA, INC. placed the subject six-inch Warrior Grinding Wheel on the market with the knowledge that it would be used without inspection for manufacturing defects and dangers.   Defendant knew or should have known that users, operators, or consumers would not and could not properly inspect this product for manufacturing defects and dangerous conditions, and that detection of such manufacturing defects and dangers would be beyond the capabilities of such persons.

13.     The subject six-inch Warrior Grinding Wheel had a manufacturing defect based on the following:

> a.     The subject six-inch Warrior Grinding Wheel was in substantially the same condition as when it was sold by Defendant, HARBOR FREIGHT TOOLS USA, INC.; and
>
> b.     The subject six-inch Warrior Grinding Wheel was unreasonably dangerous as it was different from its intended design and failed to perform as safely as the intended design would have performed.

14.     That as a direct and proximate result of the manufacturing defect alleged above, the Plaintiff, JESUS RIVERO suffered a nearly amputated right thumb, pain and suffering, scarring and mental suffering after being injured by the product manufactured and distributed by Defendant, HARBOR FREIGHT TOOLS USA, INC.  These losses are either permanent or continuing in nature, and the Plaintiff will suffer said losses in the future, to-wit, permanently.

**WHEREFORE**, Plaintiff, JESUS RIVERO, demands judgment against the Defendant, HARBOR FREIGHT TOOLS USA, INC. in an amount exceeding Thirty Thousand Dollars ($30,000.00) plus costs of court and trial by jury.

**COUNT TWO**
**STRICT LIABILITY - DESIGN DEFECT**
**AGAINST DEFENDANT HARBOR FREIGHT TOOLS USA, INC.**

15.     That Plaintiff, JESUS RIVERO is entitled to relief against Defendant, HARBOR FREIGHT TOOLS USA, INC. based upon the following facts:

(a)     Plaintiff realleges by reference each and every allegation contained paragraphs 1 through 6 as though fully set forth herein.

16.     Defendant HARBOR FREIGHT TOOLS USA, INC. designed, inspected, distributed and sold the subject six-inch Warrior Grinding Wheel.

17.     At all times relevant hereto, the subject six-inch Warrior Grinding Wheel was substantially unchanged from its condition when it was manufactured and sold by HARBOR FREIGHT TOOLS USA, INC.

18.     On or about June 18, 2019, the Plaintiff, JESUS RIVERO, was using the six-inch Warrior Grinding Wheel to cut copper when the wheel heated up and broke apart, flying off of the saw and cutting Plaintiff's right thumb down to the bone, resulting in serious and permanent injury to Plaintiff.

19.     Plaintiff sought treatment for his severely cut right thumb.

20.     Defendant HARBOR FREIGHT TOOLS USA, INC. placed the subject six-inch Warrior Grinding Wheel on the market with the knowledge that it would be used without inspection for design defects and dangers. Defendant knew or should have known that users, operators, or consumers would not and could not properly inspect this product for design defects and dangerous conditions, and that detection of such design defects and dangers would be beyond the capabilities of such persons.

4

21. The subject six-inch Warrior Grinding Wheel had a design defect based on the following:

    a. The subject six-inch Warrior Grinding Wheel was in substantially the same condition as when it was sold by Defendant, HARBOR FREIGHT TOOLS USA, INC.;

    b. The subject six-inch Warrior Grinding Wheel failed to operate as safely as an ordinary consumer would expect when used as it was intended to be used; and

    c. The subject six-inch Warrior Grinding Wheel failed to operate as safely as an ordinary consumer would expect when used in a manner reasonably foreseeable by the Defendant.

22. That as a direct and proximate result of the design defect alleged above, the Plaintiff, JESUS RIVERO suffered a nearly amputated right thumb, pain and suffering, scarring and mental suffering after being injured by the product distributed by Defendant, HARBOR FREIGHT TOOLS USA, INC. These losses are either permanent or continuing in nature, and the Plaintiff will suffer said losses in the future, to-wit, permanently.

**WHEREFORE**, Plaintiff, JESUS RIVERO, demands judgment against the Defendant, HARBOR FREIGHT TOOLS USA, INC. in an amount exceeding Thirty Thousand Dollars ($30,000.00) plus costs of court and trial by jury.

**COUNT THREE**
**STRICT LIABILITY – FAILURE TO WARN**
**AGAINST DEFENDANT HARBOR FREIGHT TOOLS USA, INC.**

23. That Plaintiff, JESUS RIVERO is entitled to relief against Defendant, HARBOR FREIGHT TOOLS USA, INC. based upon the following facts:

    (a) Plaintiff realleges by reference each and every allegation contained paragraphs 1 through 6 as though fully set forth herein.

5

24.     Defendant HARBOR FREIGHT TOOLS USA, INC. manufactured, designed, inspected, distributed and sold the subject six-inch Warrior Grinding Wheel.

25.     At all times relevant hereto, the subject six-inch Warrior Grinding Wheel was substantially unchanged from its condition when it was manufactured and sold by HARBOR FREIGHT TOOLS USA, INC.

26.     On or about June 18, 2019, the Plaintiff, JESUS RIVERO, was using the six-inch Warrior Grinding Wheel to cut copper when the wheel heated up and broke apart, flying off of the saw and cutting Plaintiff's right thumb down to the bone, resulting in serious and permanent injury to Plaintiff.

27.     Plaintiff sought treatment for his severely cut right thumb.

28.     Defendant HARBOR FREIGHT TOOLS USA, INC. placed the subject six-inch Warrior Grinding Wheel on the market with the knowledge that it would be used without inspection for manufacturing defects, design defects and dangers. Defendant knew or should have known that users, operators, or consumers would not and could not properly inspect this product for manufacturing defects, design defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

29.     The subject six-inch Warrior Grinding Wheel had a warning defect based on the following:

       a.     Defendant knew that using the six-inch Warrior Grinding Wheel involved a foreseeable risk of harm.

       b.     Defendant failed to provide reasonable instructions or warnings regarding the use of the six-inch Warrior Grinding Wheel.

       c.     Defendant's failure to provide reasonable instructions or warnings made the six-inch Warrior Grinding Wheel unreasonably dangerous.

6

30.     That as a direct and proximate result of the failure to warn alleged above, the Plaintiff, JESUS RIVERO suffered a nearly amputated right thumb, pain and suffering, scarring and mental suffering after being injured by the product distributed by Defendant, HARBOR FREIGHT TOOLS USA, INC. These losses are either permanent or continuing in nature, and the Plaintiff will suffer said losses in the future, to-wit, permanently.

**WHEREFORE**, Plaintiff, JESUS RIVERO, demands judgment against the Defendant, HARBOR FREIGHT TOOLS USA, INC. in an amount exceeding Thirty Thousand Dollars ($30,000.00) plus costs of court and trial by jury.

## COUNT FOUR
## NEGLIGENCE – FAILURE TO WARN
## AGAINST DEFENDANT HARBOR FREIGHT TOOLS USA, INC.

31.     That Plaintiff, JESUS RIVERO is entitled to relief against Defendant, HARBOR FREIGHT TOOLS USA, INC. based upon the following facts:

>       (a)     Plaintiff realleges by reference each and every allegation contained paragraphs 1 through 6 as though fully set forth herein.

32.     Defendant HARBOR FREIGHT TOOLS USA, INC. manufactured, designed, inspected, distributed and sold the subject six-inch Warrior Grinding Wheel.

33.     At all times relevant hereto, the subject six-inch Warrior Grinding Wheel was substantially unchanged from its condition when it was manufactured and sold by HARBOR FREIGHT TOOLS USA, INC.

34.     On or about June 18, 2019, the Plaintiff, JESUS RIVERO, was using the six-inch Warrior Grinding Wheel to cut copper when the wheel heated up and broke apart, flying off of the saw and cutting Plaintiff's right thumb down to the bone, resulting in serious and permanent injury to Plaintiff.

7

35.     Plaintiff sought treatment for his severely cut right thumb.

36.     Defendant HARBOR FREIGHT TOOLS USA, INC. placed the subject six-inch Warrior Grinding Wheel on the market with the knowledge that it would be used without inspection for manufacturing defects, design defects and dangers. Defendant knew or should have known that users, operators, or consumers would not and could not properly inspect this product for manufacturing defects, design defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

37.     The subject six-inch Warrior Grinding Wheel has a warning defect based on the following:

        a.     Defendant had a duty to provide adequate warnings regarding the risks Defendant knew are involved in the reasonably foreseeable uses of the subject six-inch Warrior Grinding Wheel;

        b.     Defendant had a duty to provide adequate warnings regarding the risks Defendant should have known are involved in the reasonably foreseeable uses of the subject six-inch Warrior Grinding Wheel;

        c.     Defendant failed to give appropriate warnings regarding the risks Defendant knew are involved in the reasonably foreseeable uses of the subject six-inch Warrior Grinding Wheel; and

        d.     Defendant failed to give appropriate warnings regarding the risks Defendant should have known are involved in the reasonably foreseeable uses of the subject six-inch Warrior Grinding Wheel.

38.     That as a direct and proximate result of the warning defect alleged above, the Plaintiff, JESUS RIVERO suffered a nearly amputated right thumb, pain and suffering, scarring and mental suffering after being injured by the product distributed by Defendant, HARBOR FREIGHT TOOLS USA, INC. These losses are either permanent or continuing in nature, and the Plaintiff will suffer said losses in the future, to-wit, permanently.

**WHEREFORE**, Plaintiff, JESUS RIVERO, demands judgment against the Defendant, HARBOR FREIGHT TOOLS USA, INC. in an amount exceeding Thirty Thousand Dollars ($30,000.00) plus costs of court and trial by jury.

**COUNT FIVE**
**NEGLIGENCE AGAINST**
**DEFENDANT HARBOR FREIGHT TOOLS USA, INC.**

39.     That Plaintiff, JESUS RIVERO is entitled to relief against Defendant, HARBOR FREIGHT TOOLS USA, INC. based upon the following facts:

      (a)     Plaintiff realleges by reference each and every allegation contained paragraphs 1 through 6 as though fully set forth herein.

40.     HARBOR FREIGHT TOOLS USA, INC. designed, manufactured, inspected, distributed and sold the subject six-inch Warrior Grinding Wheel.

41.     At all times relevant hereto, the subject six-inch Warrior Grinding Wheel was substantially unchanged from its condition when it was manufactured and sold by HARBOR FREIGHT TOOLS USA, INC.

42.     On or about June 18, 2019, the Plaintiff, JESUS RIVERO, was using the six-inch Warrior Grinding Wheel to cut copper when the wheel heated up and broke apart, flying off of the saw and cutting Plaintiff's right thumb down to the bone, resulting in serious and permanent injury to Plaintiff.

43.     Plaintiff sought treatment for his severely cut right thumb.

44.     Defendant HARBOR FREIGHT TOOLS USA, INC. knew, or in the exercise of due car, should have known that the subject six-inch Warrior Grinding Wheel would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including Plaintiff.

9

45.   HARBOR FREIGHT TOOLS USA, INC. breached its duty of reasonable care by:

a.   failing to design, manufacture, assemble, distribute and sell the six-inch Warrior Grinding Wheel so that it was reasonably safe for its intended use;

b.   failing to design, manufacture, assemble, distribute and sell the six-inch Warrior Grinding Wheel so that persons coming into contact with the product, including Plaintiff, would not be harmed; and

c.   failing to warn and/or incorporate adequate warning as to the known risk of harm to persons using or operating the six-inch Warrior Grinding Wheel.

46.   That as a direct and proximate result of the defect alleged above, the Plaintiff, JESUS RIVERO suffered a nearly amputated right thumb, pain and suffering, scarring and mental suffering after being injured by the product distributed by Defendant, HARBOR FREIGHT TOOLS USA, INC. These losses are either permanent or continuing in nature, and the Plaintiff will suffer said losses in the future, to-wit, permanently.

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished, by regular U.S. mail delivery and/or electronic mail, this 21st day of January, 2022 to Darren Rowe, Harbor Freight Tools, Legal Dept., 26541 Agoura Road, Calabassa, CA 91302, drowe@harborfreight.com.



Jonathan I. Rotstein, Esquire
Law Office of Rotstein & Shiffman, LLP
309 Oakridge Blvd., Suite B
Daytona Beach, FL 32118
Florida Bar No. 909580
(386) 252-5560 / (386) 238-6999 fax (lmb)
Primary: L.bonner@rotstein-shiffman.com
Alternate 1: M.otto@rotstein-shiffman.com
Alternate 2: T.dallarosa@rotstein-shiffman.com
Attorney for Plaintiff

MAR 1 1 2022